NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

MISCELLANEOUS DOCKET NO. 930

IN RE U.S. BANK NATIONAL ASSOCIATION, U.S. BANCORP, VIEWPOINTE ARCHIVE SERVICES, LLC, and THE CLEARING HOUSE PAYMENTS COMPANY, LLC,

Petitioners.

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in case no. 2:06-CV-72, Judge David J. Folsom.

ON PETITION FOR WRIT OF MANDAMUS

Before MICHEL, Chief Judge, FRIEDMAN and PROST, Circuit Judges.

MICHEL, Chief Judge.

ORDER

U.S. Bank National Association et al. (the petitioners) petition for a writ of mandamus to direct the United States District Court for the Eastern District of Texas to vacate its order denying the petitioners' motion in limine to exclude the plaintiff from offering into evidence certain litigation-induced license agreements.

The petitioners urge that we grant their requested relief because, inter alia, the district court misapplied this court's recent decision in ResQNet.com, Inc. v. Lansa, Inc., 594 F.3d 860 (Fed. Cir. 2010). The writ of mandamus is available in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. In re Calmar, Inc., 854 F.2d 461, 464 (Fed. Cir. 1998). A party seeking a writ bears the burden of proving that it has no other means of obtaining the relief desired, Mallard v. United States Dist. Court for Southern Dist. of Iowa, 490 U.S. 296, 309 (1989), and that

the right to issuance of the writ is "clear and indisputable," <u>Allied Chem. Corp. v. Daiflon, Inc.</u>, 449 U.S. 33, 35 (1980).

In the papers submitted, the petitioners have not shown why they cannot raise any challenge to the district court's determination after an appeal from a final judgment. Although the petitioners argue that without mandamus "[a] mistrial will result, and the parties and the district court will waste their time and resources on a trial that will need to be repeated," that is generally insufficient to warrant mandamus relief. <u>See Bankers Life & Cas. Co. v. Holland</u>, 346 U.S. 379, 383 (1953) ("[I]t is established that the extraordinary writs cannot be used as substitutes for appeals . . . even though hardship may result from delay and perhaps unnecessary trial"). Because the petitioners have failed to meet their burden of establishing the extraordinary circumstances necessary to grant mandamus relief, we deny the petition.

Accordingly,

IT IS ORDERED THAT:

The petition for a writ of mandamus is denied.

FOR THE COURT

__MAR 15 2010__
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc:  James H. Carter, Esq.
George E. Quillin, Esq.
Paramjeet Singh Sammi, Esq.
Nelson J. Roach, Esq.
Clerk, United States District Court for the Eastern District of Texas, Marshall Division

s19

**FILED**
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

MAR 15 2010

JAN HORBALY
CLERK

Misc. 930                                    2